# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0104-20

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JOHN M. RUDY,

      Defendant-Appellant.

_____

Argued February 28, 2022 – Decided March 10, 2022

Before Judges Sabatino, Mayer and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Hunterdon County, Indictment No. 18-06-0101.

Melanie K. Dellplain, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Melanie K. Dellplain, of counsel and on the brief).

Debra G. Simms, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Acting Attorney General, attorney; Debra G. Simms, of counsel and on the brief).

PER CURIAM

After a jury trial, defendant John M. Rudy was found guilty of second-degree endangering the welfare of a child by distribution of child pornography (twenty-five or more items), N.J.S.A. 2C:24-4(b)(5)(a)(i) (count one); second-degree endangering the welfare of a child by storing or maintaining child pornography (twenty-five or more items) using a file-sharing program, N.J.S.A. 2C:24-4(b)(5)(a)(iii) (count two); and third-degree endangering the welfare of a child by possession of child pornography (100 or more items), N.J.S.A. 2C:24-4(b)(5)(b) (count three).

At sentencing, the court merged defendant's conviction on count one into count two, and imposed a seven-year term with a five-year period of parole ineligibility. On count three, the court imposed a four-year term to run concurrently with defendant's sentence on count two. The court granted the State's application to place defendant on Parole Supervision for Life ("PSL"), and required defendant to register as a sex offender. Defendant now appeals his conviction on count two ("the file-sharing offense"), and his sentence. We affirm.

Briefly stated, the salient facts are as follows. In March 2016, the New Jersey State Police Digital Technology Investigations Unit investigated the

2

distribution of digital files containing child pornography through the peer-to-peer file sharing network known as "BitTorrent." A peer-to-peer file sharing network allows an individual with a computer to send files to and receive files from other individuals' computers. As New Jersey State Police Detective Sergeant Brian Kearns testified at trial, BitTorrent is "one of the more efficient file sharing systems" because it "breaks up the files into smaller pieces," which makes it easier to share files even if the "download is interrupted."

Kearns testified that, on March 12, 2016, he conducted a search over BitTorrent for specific files containing a particular coding that he knew indicated the file contained child pornography. Kearns located these files, and the BitTorrent software, based on its automatic settings, downloaded the files from a computer with IP address 73.33.191.144. Law enforcement was able to determine, through a subpoena on the internet service provider for that IP address, that the IP address was registered to defendant. Kearns used the BitTorrent program to download over three hundred files from defendant's computer, more than twenty-five of which contained child pornography.

Kearns and other law enforcement officers conducted a lawful search pursuant to a warrant of defendant's one-bedroom apartment on June 9, 2016. Police seized from the apartment a desktop computer, a laptop computer, and

A-0104-20

more than one hundred portable digital storage devices, including thumb drives. Child pornography was found on both the desktop computer and many of the external storage devices found in defendant's apartment.

Detective Sergeant Christopher Camm, a New Jersey State Police forensic examiner, testified at trial that he participated in the search and conducted a "forensic preview" of defendant's computers. Defendant's desktop computer was "on" when Camm found it. The computer was running "an application named Free Torrent Download," which "allows people to download and share files on the BitTorrent network." Files were being shared through that application when Camm found the computer.

Camm found child pornography on both the desktop hard drive and on the four external thumb drives found attached to the desktop. He discovered 4,616 pictures and videos, all of which, when taking duplication into account, totaled "617 unique files." Over five hundred of these files matched files downloaded by Kearns from defendant's computer using BitTorrent.

The State's proofs were further amplified by Investigator Jason Tomecheck of the Division of Criminal Justice, who testified about his full forensic examination of the electronics that were seized from defendant's apartment. Tomecheck created a "clone" or "exact duplicate" of the hard drive

4

of defendant's desktop. He noted that in the center of the screen was the "Free Torrent Viewer" application, which was actively running. The application was downloading files and was actively "seeding" other files; that is, allowing those files to be downloaded by others through the peer-to-peer file sharing network.

Tomecheck described the settings options for the Free Torrent Viewer application on defendant's desktop computer. Users like defendant have the ability through these options to limit the downloads to their computers and limit the uploads from their computers.

Tomecheck documented over 400 image files of child pornography on defendant's desktop computer, some of which were admitted into evidence at trial. These image files were located in the computer folder for Free Torrent Viewer downloads.

Defendant testified on his own behalf. He stated that he lived by himself in his apartment. Defendant admitted that he had downloaded child pornography to his computer and various external storage devices. However, he claimed he had never shared the child pornography with anyone. He also claimed that he did not know what "BitTorrent" or a "file sharing program" was, and that he did not know that law enforcement could download anything from his computer.

A-0104-20

As we have already noted, the jury found defendant guilty of all three charged offenses, and he received the aggregate seven-year sentence and PSL condition previously described.

On appeal, defendant presents the following arguments in his brief:

POINT I:

THE FILE-SHARING CHARGE SHOULD HAVE BEEN DISMISSED BECAUSE N.J.S.A. 2C:24-4(B)(5)(A)(III) CONTAINS AN UNCONSTITUTIONAL STRICT-LIABILITY PROVISION.

POINT II:

DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND ASSISTANCE OF COUNSEL WHEN THE TRIAL COURT REFUSED TO ACKNOWLEDGE DEFENDANT'S COMPLAINTS OF INEFFECTIVE ASSISTANCE OF COUNSEL.

POINT III:

DEFENDANT'S SENTENCE IS EXCESSIVE BECAUSE THE SENTENCING COURT ERRED WHEN IT FAILED TO FIND MITIGATING FACTORS ONE, TWO, EIGHT, AND NINE, FOUND AGGRAVATING FACTORS THREE AND NINE, AND IMPOSED PAROLE SUPERVISION FOR LIFE.

Having considered these points, we affirm defendant's convictions and sentence.

With respect to the merits, defendant solely challenges his conviction of the file-sharing offense on count two under N.J.S.A. 2C:24-4(b)(5)(a)(iii). He does not appeal his conviction on the distribution and possession offenses in counts one and three.

Defendant argues the file-sharing offense, which is a strict liability crime, is unconstitutional because it imposes culpability where, as here, a computer user asserts he is unaware of the file-sharing capability of the software program and unwittingly fails to turn it off. He contends he was deprived of due process of law because he allegedly had no notice he could be liable for criminal distribution of the images on the file-sharing network.

The pertinent sections of the statute, which was adopted in 2013 as a measure to strengthen child pornography laws and remain current with technological changes, provide as follows: a "person commits a crime if, by any means, including but not limited to the Internet, he[or she][]"

> (iii) knowingly stores or maintains an item depicting the sexual exploitation or abuse of a child using a file-sharing program which is designated as available for searching by or copying to one or more other computers.

That same section also expressly states that

> [i]n a prosecution under subparagraph (iii), the State shall not be required to offer proof that an item

7

depicting the sexual exploitation or abuse of a child had actually been searched, copied, transmitted or viewed by another user of the file-sharing program, or by any other person, and it shall be no defense that the defendant did not intend to distribute the item to another user of the file-sharing program or to any other person. Nor shall the State be required to prove that the defendant was aware that the item depicting the sexual exploitation or abuse of a child was available for searching or copying to one or more other computers, and the defendant shall be strictly liable for failing to designate the item as not available for searching or copying by one or more other computers.

[N.J.S.A. 2C:24-4(b)(5)(a)(iii).]

Before trial, defendant moved to dismiss the file-sharing count of the indictment, and presented his constitutional arguments to the trial judge, Hon. Angela F. Borkowski. The judge rejected his argument in a scholarly eleven-page written opinion issued on December 7, 2018.

Among other things, the judge reasoned that "defendant cannot claim that he had no notice that he was violating the law," as to commit a crime under N.J.S.A. 2C:24-4(b)(5)(a)(iii), "defendant would first have to commit another crime—possession of child pornography—as storing or maintaining an item of child pornography in a file-sharing program requires that defendant already possess an item of child pornography to store or maintain." Thus, because

8

"defendant was on notice and his conduct was not unworthy of blame[,]" the judge denied defendant's motion to dismiss the distribution charge.

We affirm the trial court's conclusion that the strict liability feature of the distribution statute is constitutional. We do so substantially for the reasons expressed by Judge Borkowski in her detailed written opinion, which we adopt here. The statute does not violate due process. As the Supreme Court noted in State v. Pominiak, 221 N.J. 66, 87 (2015), "[s]trict-liability statutes that have withstood constitutional scrutiny typically involve an element of an offense that involves an ascertainable fact of which a defendant can make himself aware to avoid criminal liability." Here, defendant could have made himself aware of the distribution function of the file-sharing program he installed on his computer. In addition, as the judge noted, the Legislature had a rational basis to proscribe such dangerous conduct. See State v. Maldonado, 137 N.J. 536, 552 (1994).

Defendant unsuccessfully attempts on appeal to distinguish one of the main cases relied upon by the trial judge, State v. Ivory, 124 N.J. 582 (1991). In Ivory, the Court upheld the strict liability provisions of N.J.S.A. 2C:35-7, which makes it a third-degree offense to distribute or possess with intent to distribute a controlled dangerous substance within 1,000 feet of school property, whether or not defendant knows he is within that distance of a school. As the

Court held, this "statute presents a rational and reasonable approach by the Legislature to reduce drugs around schools." Id. at 595. "So long as there are indicia from which an objectively reasonable person could know that the school property was used regularly, consistently, and actually for school purposes, lack of knowledge by a drug dealer" or anyone else "that he or she is within 1,000 feet of school property is irrelevant. Under such circumstances prosecution of a defendant under this statute does not violate due process." Id. at 592.

Defendant argues the school-zone statute upheld in Ivory is not comparable, by asserting that "people know that not only is drug possession illegal, but going to any place outside with drugs on your person is also risky behavior," but, with respect to N.J.S.A. 2C:24-4(b)(5)(a)(iii), "[a]lthough a person may know that child-pornography possession is illegal, that person is not on notice that the files they believe they simply possess are automatically distributing themselves to other people on the internet."

However, defendant's argument elides the Supreme Court's specific holding in Ivory that it is not the defendant himself who must be "on notice" that his actions are illegal. Rather, so long as "an objectively reasonable person could know" the facts that would subject defendant to strict criminal liability,

10

the law comports with due process. <u>Ivory</u>, 124 N.J. at 592. The State's proofs about the functions of the file-sharing network met this objective test.

Turning to defendant's challenge to his sentence, we discern no basis to set it aside or the PSL component. The mid-range sentence reflects a reasonable assessment of aggravating and mitigating factors and does not shock the judicial conscience. <u>State v. Fuentes</u>, 217 N.J. 57, 70 (2014). Even if, for the sake of discussion, we overturned the judge's conclusion that certain mitigating factors invoked by defendant were inapplicable and her finding that aggravating factor three (the risk of reoffending) does apply, the sentence is nonetheless fair and not an abuse of discretion. The PSL condition imposed under N.J.S.A. 2C:43-6.4(a) was likewise justified to protect children and the public in the future.

Lastly, insofar as defendant argues his trial counsel was ineffective, that claim should be pursued through a future petition for post-conviction relief. <u>State v. Preciose</u>, 129 N.J. 451, 460 (1992).

To the extent we have not expressly addressed them, all of defendant's remaining arguments lack sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0104-20